United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHINNOSUKE UCHIDA, et al.,

Plaintiffs,

v.

YOUTUBE, LLC, et al.,

Defendants.

Case No. 22-mc-80155-JSC

ORDER DENYING APPLICATION UNDER 28 U.S.C. § 1782

Re: Dkt. No. 1

Shinnosuke Uchida filed an ex parte application to take discovery pursuant to 28 U.S.C. § 1782. (Dkt. No. 1.) Section 1782 allows a district court to order a person residing or found within its district to produce documents for use in a foreign legal proceeding. Mr. Uchida seeks an order to obtain discovery from YouTube, LLC ("YouTube") to aid in his anticipated litigation in Japan against a YouTube user for defamation. (Dkt. No. 1 at 1.). After carefully considering the briefing, and having had the benefit of oral argument on September 29, 2022, the application is DENIED WITHOUT PREJUDICE.

**BACKGROUND**

Mr. Uchida works for CUEBiC Inc. ("CUEBiC"), a Japanese corporation located in Tokyo, Japan. (Dkt. No. 1 at 2.) CUEBiC produces a YouTube animation known as "Momoume." (*Id.*) Mr. Uchida alleges a YouTube user ("Account") known as "Matsu" published several YouTube videos criticizing the Momoume production team. (*Id.*) In a series of YouTube videos, "Matsu" implied that CUEBiC should not have hired a production team member known as "Sunglasses." (*Id.*)

The videos suggest that "Sunglasses" is, in fact, Mr. Uchida. (*Id.*) Mr. Uchida alleges "Sunglasses" referred to him, because he is a well-known producer of Momoume who regularly

attends Momoume meetings wearing sunglasses. (*Id.* at 3.) References to two twitter photos posted by Mr. Uchida are cited in the application. (*Id.*) One photo captured a close-up of a single sunglass lens and the second captured an instance in which Mr. Uchida wore a pair of sunglasses while he worked. (*Id.*) The photos demonstrate Mr. Uchida's attachment to the term "Sunglasses." (*Id.*) Therefore, Mr. Uchida believes that Matsu's videos constitute harassment and defamation of his professional capabilities. (*Id.*) Mr. Uchida seeks discovery to identify the individual behind the Account.

The alleged defamatory statements made by the Account are captured below. The video displays an accurate statement made by the CEO of CUEBiC: "Failure in hiring cannot be undone with training." (Dkt. No. 1:2 at 30-1.) In the next scene, the video states, "I felt that maybe this is the answer to the current situation, and I personally felt something cleared up. (Subtitle: Is this suggesting that hiring "Sunglasses" was a mistake?)." (*Id.*) Mr. Uchida alleges the subtitle is the defamatory statement made regarding his professional capabilities. (Dkt. No. 1 at 2.)

One point, though.
One of the things the CEO was saying stuck with me.

Failure in hiring cannot be undone with training

I felt that maybe this is the answer to the current situation, and I personally felt something cleared up. (Subtitle: Is this suggesting that hiring "Sunglasses" was a mistake?)

Also, smart people are also quick to cut their losses.

It can be taken that the reason for not mentioning Momoume is due to that, but it may also be that he knows he is being watched and is intentionally dodging it.

(*Id.*)

**DISCUSSION**

Under 28 U.S.C. Section 1782(a), a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless disclosure would violate a legal privilege. 28 U.S.C. § 1782(a). If a request meets the statutory requirements set forth in Section 1782(a), the court then considers whether to exercise its discretion using the discretionary factors set forth in *Intel v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004).

**A. The Statutory Requirements**

United States District Court
Northern District of California

Mr. Uchida's application does not satisfy the statutory requirements of 28 U.S.C. § 1782(a). To satisfy the statutory requirements, a petitioning party must show: (1) the person or entity from whom discovery is sought "resides or is found" in the district; (2) the application is made by an "interested person" in the foreign judicial proceeding, and (3) the discovery is for the purpose of "use in a proceeding" before a "foreign or international tribunal." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). Mr. Uchida meets the first two requirements, but does not satisfy the third.

**1) The "resides or is found" requirement**

Business entities are "found" where the business is incorporated, is headquartered, or where it has a principal place of business. *See, e.g.*, *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-MC-80215-WHO-TSH, 2020 WL 820327 at 2 (N.D. Cal. Nov. 20, 2017). YouTube's principal place of business is in San Bruno, California. (Dkt. No. 1 at 4.) *See Daniels v Alphabet, Inc.*, No. 20-cv-04687-vkd, 2021 WL 1222166, at 1 (N.D. Cal. Mar. 31, 2021). Therefore, because YouTube's principal place of business is in San Bruno, California, which is in the Northern District of California, Mr. Uchida satisfies this requirement.

**2) The interested person requirement**

"Interested persons" under the statute include "litigants, foreign sovereigns, and the designated agents of those sovereigns." *Intel,* 542 U.S. at 256. Mr. Uchida is the petitioner in the anticipated litigation in Japan. Therefore, Mr. Uchida qualifies as an interested person for the purposes of the statute.

**3) The "use in a foreign proceeding" requirement**

A foreign proceeding need not be "pending" or even "imminent" when the discovery is sought. *Intel*, 542 U.S. at 258–59. Instead, all that is necessary is a "dispositive ruling" by the foreign adjudicative body be "within reasonable contemplation." *Id.* at 259.

Here, Mr. Uchida fails to meet his burden in showing a defamation lawsuit is within reasonable contemplation in Japan because he has not shown that the question—"Is this suggesting that hiring 'Sunglasses' was a mistake?" —could be considered defamatory under Japanese law. There is no assertion of fact; only a question. The supporting declaration's

assertion that the video includes a false statement about what Mr. Yoichi said is not supported by the video. (Dkt. No. 1-1 ¶ 7.) Without evidence that such an innocuous question could be considered defamatory, Mr. Uchida has not established that a lawsuit is under reasonable contemplation. *See In re Komanokai*, No. 4:20-MC-80149-KAW, 2020 WL 6684565, at *3 (N.D. Cal., Nov. 12, 2020) (denying request for § 1782 discovery in a potential defamation claim where applicant failed to show applicant could state a viable claim for defamation under Japanese law.)

Because Mr. Uchida's application fails to meet the "use in a foreign proceeding" requirement, his Section 1782(a) application must be denied.

**CONCLUSION**

For the reasons stated above, the Court DENIES Mr. Uchida's request for an Order pursuant to 28 U.S.C. §1782 WITHOUT PREJUDICE. Plaintiff may file a renewed application on or before October 30, 2022. Mr. Uchida shall serve any renewed application on YouTube.

**IT IS SO ORDERED.**

Dated: October 3, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California